■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v. SERVICE SYSTEMS CORP., VENDING DIVISION, et al., Appellants.— Determination unanimously annulled on the law, without costs and complaint dismissed. Memorandum: Complainant has the burden of establishing by substantial evidence that the sole reason petitioner failed to employ him was his age. (*Matter of State Div. of Human Rights* v. *Bystricky*, 36 A D 2d 278, affd. 30 N Y 2d 322.) In his complaint he alleged that petitioners discriminated against him in violation of section 296 of the Human Rights Law because he was 52 years of age. He testified that in response to a newspaper advertisement for employment of a part-time vending machine mechanic he filled out an application for the job and left it with petitioners' office employee, Ms. Steward, at 9:30 A.M on August 19, 1970 and in accordance with her instructions returned there for an interview with Mr. Rumiano at 4:00 P.M. of the same day. About 45 minutes thereafter and before any interview was had petitioner Rumiano entered the room and told Ms. Steward that the job had been filled. Complainant heard the statement and departed. Ms. Steward and Rumanio both testified and the Commissioner found that complainant's application was not made available to Rumiano until 5:00 P.M. of that day. It thus appears that when Rumiano stated that the job had been filled he had not seen complainant's application and had no knowledge of his age. There was, therefore, no discrimination against complainant because of his age. It further appears that Rumiano had decided to employ one Gerald Cooper who had applied for the job on August 17 but thereafter Cooper informed Rumiano that he had accepted another position. The newspaper

advertisement was then rerun and seen by complainant who, on August 21, 1970, called petitioner company and was informed that the position was still vacant and that Mr. Rumiano would be interviewing applicants between 4:00 and 5:00 P.M. on that day. Complainant did not avail himself of the opportunity to be interviewed and the position was thereafter filled by a person who applied for it on August 24, 1970. The determination of the Commissioner that petitioner in violation of the Human Rights Law committed an unlawful discriminatory practice against complainant by denying him the opportunity to be considered for the position of part-time mechanic because of his age is not supported by substantial evidence. The order of the State Human Rights Appeal Board dated April 27, 1972, affirming, as modified by said board, the order of the Commissioner of the State Division of Human Rights dated June 9, 1971 should be annulled and vacated on the law and the complaint of Louis Marcanio dismissed. (Proceeding pursuant to section 298 of the Executive Law to reverse order of Appeal Board.) Present — Del Vecchio, J. P., Marsh, Moule and Henry, JJ.